```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

ROSALIE DeROSA,                )
          Plaintiff,           )
                               )
     v.                        ) C.A. No. 04-10802-WGY
                               )
ALLIED SECURITY,               )
          Defendant.           )
```

### MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order, unless plaintiff shows good cause, in writing, before that time as to why this case should not be dismissed.

### ALLEGED FACTS

On April 19, 2004, plaintiff Rosalie DeRosa filed this purported civil rights action against Allied Security Company. Plaintiff's two page complaint is confused and vague. Plaintiff states that she is "filing against Alide [sic] Security Co. for handicap discrimination stalking and harrising [sic] me when I am in South Station." Complaint p. 1. The gist of her complaint appears to be that the security company does not allow plaintiff to sleep at South Station, even though she has seen "street" people sleeping there. Complaint pp. 1-2.

ANALYSIS

I. Plaintiff's Claims Are Subject To Preliminary Screening Pursuant To 28 U.S.C. § 1915

Plaintiff has sought permission to proceed in this action without prepayment of the filing fee. Her complaint, therefore, is subject to the screening provisions of 28 U.S.C. § 1915. See 28 U.S.C. § 1915 (proceedings in forma pauperis). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

Although pro se complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's claims in this case are nevertheless subject to dismissal, as discussed more fully below.

II. Plaintiff's Complaint Is Subject To Dismissal As Lacking Any Arguable Basis in Law or Fact Legal

In this case, plaintiff's claims are subject to dismissal because they lack an arguable basis in law or fact. To the extent that plaintiff intends to assert a claim under Title II of the Americans with Disability Act ("ADA"), the complaint

2

fails to state any arguable claim under that Act.  See 42 U.S.C. § 12132 (prohibiting discrimination on the basis of disability by "public entities" or with respect to services or benefits provided by "public entities").  In this case, plaintiff has not alleged that she is being discriminated against by a "public entity" or denied any benefits or services of a "public entity," as required by the ADA.  42 U.S.C. § 12131 (defining "public entity" as any state or local government or any department or agency thereof).[1]  Accordingly any claim under the ADA is subject to dismissal.

Further, to the extent that plaintiff intends to assert a claim for discrimination on the basis of disability under § 504 of the Rehabilitation Act, any such claim must also fail because plaintiff has not alleged that she has been denied access to any "program or activity" receiving federal financial assistance.  29 U.S.C. § 794(a) ("no otherwise qualified individual with a disability...shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving

---

[1] Moreover, plaintiff has not alleged any facts which would suggest that she is a "qualified individual with a disability" as required by the ADA, 42 U.S.C. § 12132.  In fact, plaintiff has not alleged that she suffers from any disability at all.

Federal financial assistance")(emphasis added).

Finally, to the extent that plaintiff intends to assert a civil rights claim under 42 U.S.C. § 1983, any such claim is also subject to dismissal for at least two reasons.  First, in order to state a claim under § 1983, plaintiff must allege (1) that the defendant was acting under color of state law and (2) deprived plaintiff of a right secured by the Constitution and the laws of the United States.  See West v. Atkins, 487 U.S. 42, 48 (1988); Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992).  In this case, plaintiff has failed to allege state action by the security company.  Second, even if state action were determined to be involved in this case, there is no respondeat superior liability under § 1983, and the defendant security company would not, in any event, be liable under § 1983 for any alleged civil rights violations committed by its employees.  See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694-95 (1978) (no respondeat superior liability under § 1983).

## CONCLUSION

ACCORDINGLY, for the reasons set forth above, plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order unless plaintiff shows good cause, in

writing, before that time why it should not be so dismissed.

SO ORDERED.

Dated at Boston, Massachusetts, this 3rd day of June, 2004.

                                        s/ William G. Young
                                        UNITED STATES DISTRICT JUDGE